United States District Court
District of Nebraska

| | |
|---|---|
| Robert J. Krist,<br>Albert T. Davis,<br>Dorothy C. Davis,<br>Hannah Wright,<br>Christopher Abbott,<br><br>      Plaintiffs,<br><br>v<br><br>John A. Gale, Nebraska Secretary of State,<br><br>      Defendant. | No. _____<br><br><br><br><br>Complaint<br>(Declaratory Judgment & Injunction)<br><br>Notice of Constitutional Challenge |

Plaintiffs allege:

## Case Overview

1.    Federal question jurisdiction is invoked in this challenge to Nebraska's statutes governing ballot access for Independent candidates for office. *Neb Rev Stat* §§ 32-617 & 618 are challenged because they place undue burdens on ballot access for Independent candidates for public office who are not registered members of a political party and violate Plaintiffs First and Fourteenth Amendment constitutional rights.

2.    Robert J. Krist is a declared candidate for the public office of Governor of Nebraska. He is joined by other Nebraska electors who support his right to run an Independent candidacy. Mr. Krist is running, and wants to continue to campaign, for Governor as an Independent and without affiliation with any organized political party. Each of his co-plaintiffs seeks the opportunity to vote for Mr. Krist as an Independent gubernatorial candidate.

3. Mr. Krist and the other Plaintiffs sue because their First and Fourteenth Amendments rights are severely burdened by the challenged ballot access restrictions. The provisions of Nebraska law challenged are:

    3.1    **Neb Rev Stat § 32-617**
             **Nomination by petition; requirements; procedure**

> (1) Petitions for nomination for partisan and nonpartisan offices shall conform to the requirements of section 32-628. Petitions shall state the office to be filled and the name and address of the candidate. Petitions for partisan office shall also indicate the party affiliation of the candidate. A sample copy of the petition shall be filed with the filing officer prior to circulation. Petitions shall be signed by registered voters residing in the district or political subdivision in which the officer is to be elected and shall be filed with the filing officer in the same manner as provided for candidate filing forms in section 32-607. Petition signers and petition circulators shall conform to the requirements of sections 32-629 and 32-630. No petition for nomination shall be filed unless there is attached thereto a receipt showing the payment of the filing fee required pursuant to section 32-608. Such petitions shall be filed by September 1 in the year of the general election.
>
> (2) The filing officer shall verify the signatures according to section 32-631. Within three days after the signatures on a petition for nomination have been verified pursuant to such section and the filing officer has determined that pursuant to section 32-618 a sufficient number of registered voters signed the petitions, the filing officer shall notify the candidate so nominated by registered or certified mail, and the candidate shall, within five days after the date of receiving such notification, file with such officer his or her acceptance of the nomination or his or her name will not be printed on the ballot.
>
> <u>(3) A candidate placed on the ballot by petition shall be termed a candidate by petition. The words BY PETITION shall be printed upon the ballot after the name of each candidate by petition.</u>

Emphasis (underlining) added.

    3.2    **Neb Rev Stat § 32-618**
             **Nomination by petition; number of signatures required**

> (1) The number of signatures of registered voters needed to place the name of a candidate upon the nonpartisan ballot for the general election shall be as follows:
>
>> (a) For each nonpartisan office other than members of the Board of Regents of the University of Nebraska and board members of a Class III school district, at least ten percent of the total number of registered voters voting for Governor or President of the United States at the immediately preceding general election in the district or political subdivision in which the officer is to be elected, not to exceed two thousand;
>> (b) For members of the Board of Regents of the University of Nebraska, at least ten percent of the total number of registered voters voting for Governor or President of the United States at the immediately preceding general election in the regent district in which the officer is to be elected, not to exceed one thousand; and
>> (c) For board members of a Class III school district, at least twenty percent of the total number of votes cast for the board member receiving the highest number of votes at the immediately preceding general election in the school district.
>
> <u>(2) The number of signatures of registered voters needed to place the name of a candidate for an office upon the partisan ballot for the general election shall be at least ten percent of the registered voters entitled to vote for the office</u>.

Emphasis (underlining) added.

4. Plaintiffs seek a declaration of unconstitutionality, a Permanent Injunction against enforcement, costs and attorneys' fees[1] under 42 USC § 1983 and other laws.

**Jurisdiction, Venue, Parties**

5. The District Court's subject matter jurisdiction lies under 28 USC §§ 1331, 1343(3), 1343(4), 2201 and 2202, and 42 USC § 1983. Questions of federal law are presented. At issue are ballot box and election rights, free speech rights, and rights relating to petitioning the government. These are basic First Amendment civil rights. Unless the challenged statutes are stricken, injunctive relief is granted and the rights of

---

[1] 42 USC § 1983 and 42 USC § 1973*l(e)* and § 1988. These sections of law contain nearly identical language and serve the same congressional purposes. They have been construed as meaning the same things for fee purposes. *Hensley v. Eckerhart,* 461 US 424, 433 (1983).

the parties are declared, each Plaintiff will suffer deprivation of First and Fourteenth Amendment civil rights on, and prior to, the date of the general election for the office of Governor of Nebraska[2] to be held on the first Tuesday after the first Monday in November 2018, and thereafter in ensuing political campaigns and at ensuing elections. These are well established constitutional rights.[3]

6. This action is seeks relief under 42 USC §§ 1983, and 2201 & 2202. The Court has authority to grant declaratory and injunction relief under 28 USC §§ 2201 & 2202, and injunctive relief under 42 USC § 1983.

7. Venue is proper in the District of Nebraska where the claims arose, the Defendant resides, and all activity giving rise to the claims occurred or will occur[4].

8. The Plaintiffs are:

8.1 **Robert J. Krist**, who is a resident and elector of Nebraska who resides in Douglas County; he is registered to vote as an Independent and is not affiliated with a political party. Mr. Krist is also a Nebraska State Senator; his tenure in the Nebraska Legislature is second to only one other State Senator. Mr. Krist is a declared candidate for the office of Governor of Nebraska as an Independent candidate and is engaged in an active campaign for the office. Mr. Krist has been forced to begin to explore alternative methods to achieve ballot access because the demands of time and financial resources necessary to comply with requirements of the challenged statutes threaten to make his Independent candidacy impossible. This is true though estimates place the total number of persons registered as Independent voters in Nebraska at nearly 20% or more of all electors. The challenged statutes place direct, immediate and substantial burdens on Mr. Krist's ability to gain ballot

---

[2] The First Amendment was deemed "incorporated" into the Fourteenth Amendment and applicable to the states, for the first time, in *Gitlow v New York,* 268 U S 652 (1925).

[3] The Supreme Court long has recognized candidates' constitutional rights under the First and Fourteenth Amendments to associate for political ends and to participate equally in the electoral process. See *Burdick v. Takushi,* 504 U S 428, 433, 112 S Ct 2059, 2063, 119 L Ed2d 245 (1992); *Anderson v. Celebrezze,* 460 U.S. 780, 787-88, 103 S.Ct. 1564, 1569, 75 L.Ed.2d 547 (1983). Ballot access restrictions also implicate the constitutional rights of voters, especially those with preferences outside the existing parties, to associate and cast their votes effectively. See *Williams v. Rhodes,* 393 U.S. 23, 30, 89 S.Ct. 5, 10, 21 L.Ed.2d 24 (1968).

[4] 28 USC § 1391(b).

access as an Independent candidate and to present a nonpartisan alternative to two predominant organized political parties, both of which face growing elector dissatisfaction.

      8.2    **Albert Thane Davis**, who is a Republican Nebraska voter, resident and elector who resides and is registered to vote in Cherry County, and is a former Nebraska state constitutional officer who served in the State Unicameral Legislature. He desires to have the right to vote for Mr. Krist as an Independent candidate.

      8.3    **Dorothy C. Davis**, who is an Independent Nebraska voter, resident and elector who resides and is registered to vote in Cherry County. She desires to have the right to vote for Mr. Krist as an Independent candidate.

      8.4    **Hannah Wright**, who is an Independent Nebraska voter, resident and elector who resides and is registered to vote in Antelope County. She desires to have the right to vote for Mr. Krist as an Independent candidate.

      8.5    **Christopher Abbott,** who is a Republican Nebraska voter, resident and elector who resides and is registered to vote in Cherry County. She desires to have the right to vote for Mr. Krist as an Independent candidate.

      9.    The Defendant, **John Gale** is the elected and qualified Nebraska Secretary of State. Mr. Gale is the chief election officer of Nebraska and the person who must determine whether to place Mr. Krist's name on the ballot, and how to do so. He is also responsible to adhere to and enforce the challenged statutes governing ballot access for and Independent candidate for Governor. He has enforced, and will, enforce the challenged laws unless enjoined from doing so. Relief is sought pursuant to 42 *USC* § 1983. Mr. Gale has supervisory authority over all election officials, is required to receive returns, canvas and certify results, certify nomination of Independent candidates, maintain election records, and assist local election officials. Mr. Gale has authority to issue and modify rules or regulations, and to act as the chief election official of the State to assure compliance with Federal election laws including the *National Voter Registration Act 1973*, 42 USC §1973gg *et seq*.

## Notice of Constitutional Challenge

10. The restrictions in the challenged statutes place unreasonable burdens upon Mr. Krist as a citizen who wishes to exercise his right to express free political speech through access to the ballot as a candidate for statewide office. These offending statutes place unreasonable burdens upon the other Plaintiffs and citizens who wish to exercise their right to vote for Mr. Krist, or anyone, as an Independent candidate. The challenged provisions of law infringe on Plaintiffs' well-established First Amendment constitutional rights to exercise free political speech[5] and to petition the government[6], and to equal protection and due process of law under U.S. Const Amend I and XIV.[7] Notice is hereby given of these challenges to the constitutionality of *Neb Rev Stat* §§ 32-617 & 618. Hon. Doug Peterson, Attorney General of Nebraska, has been notified of this suit.

## The Claim

11. All allegations above are renewed here.

12. The First Amendment to the Constitution of the United States secures to the people of the United States the rights of free speech and to petition for the redress of grievances. US Const Amend XIV applies U.S. Const Amend I to the states including Nebraska, and to Mr. Gale. At all relevant times Mr. Gale has acted, and continues to threaten to act, under color of state law and as a state actor to enforce the challenged statutes and prevent free speech by Mr. Krist and all Plaintiffs.

13. U.S. Const Amend XIV also guarantees equal protection and due process of law for every citizen and every elector, including Plaintiffs. Voting, and achieving fulfillment of steps to gain ballot access as a candidate for elective office, are fundamental forms of political speech in a democracy. They are also fundamental rights of citizens and essential elements of citizen participation in the democratic form of

---

[5] US Const Amend 1 & 14; *Citizens United v Federal Election Com'n,* 558 U S 310 (2010).
[6] *Anderson v. Celebrezze,* 460 US 780, 786-88, 103 S.Ct. 1564, 75 L Ed2d 547 (1983); *Moore v. Martin*, 854 F3d 1021, 1025 (2017).
[7] Id., *City of Cuyahoga Falls v Buckeye Community Hope Fdn,* 538 U S 188, 196 (2003); *Walters v National Ass'n of Radiation Survivors,* 472 U S 304 (1985)(" [T]he "loss of First Amendment freedoms, even temporarily, constitutes irreparable injury"…).

government required of Nebraska by its Statehood Enabling Act[8], and guaranteed by the First and Fourteenth Amendments. Any and all restrictions on these rights are invalid unless they withstand strict scrutiny and pass a compelling state interest test drawn so narrowly as to do no more to burden ballot access than necessary to fulfill a compelling State interest.[9] The challenged statutes are not drawn narrowly as required; they chill political speech and do not withstand strict scrutiny.

14. The challenged Nebraska statutes impose an unduly burdensome restraint on ballot access by requiring that a dramatically larger fraction of the voters - 10% of the votes cast in the most recent general gubernatorial election – than necessary to serve any compelling state interest requiring a threshold number of petitioners. Nebraska's requirement is dramatically out of step with the rest of the nation as well. Prior Nebraska laws were less restrictive. The Defendant maintains an official website within the Nebraska State website, www.nebraska.gov. There, the Defendant reported that in 2016 the total number of registered voters in Nebraska was 1,211,113. The challenged statutes would require the Plaintiffs to obtain the signatures of 10% of this number of registered voters, or 121,112 signatures, for Mr. Krist to achieve nomination as an Independent candidate. No legitimate State purpose requires this number.

15. Plaintiffs, all registered voters in Nebraska, have standing. Mr. Krist seeks ballot access as a candidate for Governor in the November 2018 general election and the other Plaintiffs wish to vote for him in that election. Plaintiffs have different rights and are affected differently by the challenged laws from members of the public at large. Mr. Krist himself is the candidate who seeks that ballot access. He has tried to plan a campaign that allows him to gather the petitions required and has concluded the costs and time required are too onerous to be possible without destroying the message of his candidacy and his ability to present it because an undue quantity of his human and financial resources would be required to be expended to meet the 10% signature requirement. Each additional Plaintiff is a Nebraskan who seeks the specific right to vote

---

[8] 13 Stat 47 (April 19, 1864).
[9] *Libertarian Party of ND v. Jaeger,* 659 F3d 687, 693 (8th Cir 2011); *Eu v. S. F. Cty Democratic Central Comm,* 489 US 214, 222, 109 S Ct 1013, 103 L Ed 2d 271 (1989).

for Mr. Krist as an Independent candidate is threatened by the probable loss of this opportunity in a fair, open election.

16. Each Plaintiff will suffer an injury in fact traceable to enforcement of the challenged statutes if Mr. Krist's candidacy is altered or thwarted the burdens of the 10% signature requirement, and by the distinctive words required next to his name if he achieves the 10% requirement.[10] The capacity of each Plaintiff to engage in political speech will be taken from them. The injury is redressable by a declaration that the law is unconstitutional and by issuance of a Permanent Injunction against its enforcement.[11]

### The Challenged Law & The Facts

17. All allegations above are renewed here.

18. *Neb Rev Stat* §§ 32-617 & 618 are challenged as unconstitutional because they impose excessive, burdensome restraints which are not tailored as narrowly as possible to meet legitimate State interests. They thereby deprive candidates of ballot access, prevent them from exercising political speech and deprive electors of the opportunity to speak and vote for them. The laws do so by requiring that signatures of electors totaling at least 10% of total registered voters, or 121,112 signatures, must be gathered by petition and filed with the Defendant as Secretary of State to allow Mr. Krist to qualify for ballot access. The 10% fraction is far in excess of historical requirements in Nebraska, far in excess of requirements in other States, and serves no legitimate State interest.

19. The challenged statutes are of recent origin. The 2018 general election is the first to which there most onerous provision, i.e., the 10% requirement, will apply. The challenged laws make Nebraska an outlier when compared with other states and their requirements for ballot access by and Independent candidate. Prior to adoption of § 32-618, the law of Nebraska required that an Independent candidate present 4,000

---

[10] Plaintiffs meet standing requirements. See, *Bernbeck v. Gale*, 829 F.3d 643, 646 (8th Cir. 2016) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)).
[11] *Id.*; also, *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 102–04, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).

signatures, with at least 750 obtained in each congressional district.[12] The new state requirement of § 32-618 an increase of more than 3,000% in the number of signatures required. But no newly discovered or different legitimate state interest has been identified to justify this dramatic new requirement.

20. The laws challenged here severely burden Plaintiffs' well-established constitutional rights under the First and Fourteenth Amendments as noted above.

21. Burdens are imposed on Plaintiffs' rights in these ways:

21.1 The number of required signatures is unreasonably high and is greater than necessary to serve any compelling state interest. The 10% requirement is at least two, and more probably three times as high as the second highest required number of signatures for ballot access among the fifty States.

21.2 Access to the ballot is rendered complicated, costly and the difficult to achieve, and political speech is thereby dampened and chilled by the challenged laws. The challenged 10% requirement drains human and financial resources by preventing their expenditure on political speech and requiring expenditure of those resources on signature gathering. The cost to gather signatures has been estimated at $1.50 to $3.50 per signature.[13]

21.3 The burdens imposed on Independent candidates are inconsistent with other provisions of Nebraska election Law. Specifically, the number of signatures of electors required to form a new political party and allowed it to place the name of a candidate for Governor on the ballot is only 1% of the total vote cast for the office of Governor in the last General Election.[14] The *Official Report of the Nebraska Board of Canvassers* reported that the total number of

---

[12] L.B. 874 Sec 2 (Laws 2016) and predecessor version of *Neb Rev Stat* §32-618.
[13] *Green Party of Tennessee v. Hargett,* 2016 WL 4379150 *16 (MD Tenn).
[14] *Neb Rev Stat* § 32-716.

votes cast in the last gubernatorial election was 540,202 votes.[15] Accordingly, 5,403 petition signatures would be required to form a new political party.  This is only 4.46% of the number required for Plaintiffs to put Mr. Krist's name on the ballot as an Independent gubernatorial candidate under the 10% requirement challenged in *Neb Rev Stat* §32-618.  No compelling state interest justifies this difference.

21.4 Plaintiffs are also adversely affected by the challenged statutes because those statutes tend to institutionalize, establish, and to give advantages to existing political parties, prevent new political ideas, candidates and movements, inhibit challenges to entrenched persons and organizations, discourage debate, and disenfranchise voters who wish to support and Independent candidates for elective office in Nebraska. This institutionalization chills, and deafens, Independent candidate political speech, and Independent voter speech in support of such candidates and their ideas.  It also chills the right to petition the government to place Independent candidates and new ideas before the electorate at elections.

21.5  The circumstances described in this ¶ 21 above also unreasonably classify Independent candidates differently from candidates associated with established political parties.  This denies Independent candidates and their supporters, including plaintiffs, equal protection of the law contrary to U.S. Const Amend XIV.

21.6 A survey of election laws from other States discloses that in the Nebraska 10% requirement is dramatically in excess of requirements in other states and more than 3 times larger than a 3% requirement

---

[15] See, http://www.sos.ne.gov/elec/2014/elections.html,  and "General Election Official Results" link to this report.

          now under challenge in the State of Arkansas and recently ruled upon by the United States Court of Appeals for the Eighth Circuit.[16]

    21.7    The ballot itself is burdensome due to the words required to be included upon it by *Neb Rev Stat* §32-617.

Plaintiffs have standing because each of them faces the clear and present threat of being deprived of the right to engage in political speech, freely petition, do so on equal footing with others, and each faces deprivation of the opportunity to participate as a candidate for elective or campaigning or as one having the right to vote for their Independent candidate for Governor.[17]

    22.    Mr. Krist, supported by the other Plaintiffs and many others across Nebraska, is presently pursuing his Independent gubernatorial candidacy and planning for the circulation of his Petitions. His candidacy has been announced. He has made filings with public bodies governing financial and related matters affecting candidates and candidacy as required by Nebraska State law; he has a campaign structure, media plan, and candidacy, including a website[18]. Mr. Krist is actively campaigning with the support of many Nebraskans. The petition requirements of the challenged statutes impose upon him and his campaign, and upon the other Plaintiffs as his supporters, each and all of the burdens identified above on an ongoing basis. The injuries imposed by these burdens caused irreparable infringements on each Plaintiff's First and Fourteenth constitutional rights.

    23.    These infringements cannot be remedied with a financial judgment or other legal remedy. Plaintiffs are without an adequate remedy at law. Considering the balance of immediate hardships imposed on the Plaintiffs when compared with any interests of the State of Nebraska examined under a strict scrutiny standard, injunctive relief is warranted. The public interest will be served, and not disserved, by a preliminary, and a final, permanent injunction. Unless enjoined, each Plaintiff will suffer irreparable harm.

---

[16]   *Moore v. Martin*, 854 F3d 1031 (8th Cir 2017), cert denied, 138 S Ct 321 (2017).
[17]   See fn 9 above.
[18]   http://www.kristfornebraska.com/

24. In view of the legal precedent relevant to their claims, and the facts, the probability for the Plaintiffs to succeed on the merits is extremely high, and the burden on the Defendant of compliance with an injunction is extremely low. The public will suffer no harm as there is no threat of election fraud posed by the Krist campaign or the actions of Plaintiffs. Instead the public will be harmed because, like Plaintiffs, Nebraska electors will be deprived of the choice to witness and learn from the candidacy of Mr. Krist for Governor if the challenged statutes are not stricken.[19]

25. Mr. Gale has exercised, and will exercise in the future, his official authority under color of state law by enforcing the challenged statutes in such a manner as to result in violations of each Plaintiff's well-established First and Fourteenth Amendment constitutional rights as alleged above. Specifically, Plaintiffs will:

    25.1  Be denied the right to engage in free political speech.[20];

    25.2  Be denied the right to equal political association;

    25.3  Be denied the right to seek redress of grievances;

    25.4  Be denied the right to cast an effective vote;

    25.5  Be required to suffer burdens not imposed on candidates or supporters of candidates in registered political parties due to the costs, and efforts required by the challenged laws, all of which denies them equal protection and due process of law;

    25.6  Suffer the chilling of each and all the foregoing rights.[21]

26. Plaintiffs' claims pose actual, justiciable controversies. Unless declaratory relief is granted and an Injunction is issued, Plaintiffs will continue to suffer infringement of their constitutional rights because of the actions of the Defendant. Injunctive relief is

---

[19] *eBay, Inc. v. MercExchange, LLC*, 547 U S 388, 391 (2006)(" a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief….: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction").

[20] It is a well-established principle of constitutional law that the right to vote is fundamental, as it is preservative of all other rights. *See, e.g., Yick Wo v Hopkins,* 118 US 356, 370, 6 S Ct 1064, 30 L Ed 220 (1886). *Weber v Shelly,* 347 F3d 1101 (9th Cir 2003)

[21] See fn 9 above.

essential to prevent enforcement of unconstitutional laws and continuing severe burdens and infringements. No disruption of any state interest or need will occur as a result of exercise of federal jurisdiction or issuance of a preliminary or a permanent, injunction.[22]

27. The declaratory judgment sought will a) settle significant controversies affecting well-established constitutional rights of the Plaintiff upon which Defendant threatens to infringe under color of state law, b) serve useful purposes to clarify permissible relations between the ballot access process and the status of those who desire to seek elective office as Independent candidates or wish to support an Independent candidate with their votes, and c) create no friction in federal – state relations.[23]

28. Each law challenged in this Complaint imposes such burdens on ballot access as to deprive Plaintiffs and the public of the benefits of responsible political speech, reasonable Independent candidacies, and each law fails to provide any benefit that outweighs these burdens. Instead, in each instance the burden imposed is greater than is necessary or reasonable to protect the integrity of the general election process.[24] As such none of the challenged restrictions withstand strict constitutional scrutiny.[25]

### First Claim – 10% Petition Requirement

29. All allegations above are renewed here.

30. The 10% requirement of *Neb Rev Stat* § 32-618 is excessive, unreasonable, and not justified as necessary to meet any compelling state interest. Instead, it produces the adverse impacts specified above. The existence and threat of enforcement by Mr. Gale is real, genuine and immediate. Enforcement will cause irreparable harm to Plaintiffs. Plaintiffs have no adequate remedy at law.

### Second Claim – Unlawful Ballot Requirements

31. All allegations above are renewed here.

---

[22] *New Orleans Pub. Serv, Inc. v Council of City of New Orleans,* 491US 350, 361 (1989).
[23] *Public Serv Comm'n of Utah v Wycoff,* 344 US 237, 241 (1952); *Bituminous Cas. Corp. v J & L Lumber Co., Inc.,* 373 F3d 807, 813 (6th Cir 2004).
[24] *Timmons v Twin Cities Area New Party,* 520 US 351 (1997).
[25] *Buckley v Am. Const. Law Found., Inc.,* 525 US 182, 194, (1999); *Nader v Brewer,* 531 F3d 1028, 1036 (9th Cir 2008); *Chandler v City of Arvada,* 292 F3d 1236, 1242 (10th Cir 2002); *Lerman v Bd. of Elections,* 232 F3d 135, 149 (2d Cir 2000); *Krislov v Rednour,* 226 F3d 851, 860 (7th Cir 2000).

32. Excessive valid requirements and restrictions are imposed by the challenged statues. Specifically, §§ 32-617 requires:

> A candidate placed on the ballot by petition shall be termed a candidate by petition. The words **BY PETITION** shall be printed upon the ballot after the name of each candidate by petition.

33. These words, and this indicia on the ballot draws undue attention and negative differentiation to a Petition candidate; it deprives the voter of an immediate awareness that the candidate is an "Independent" and without party affiliation. By doing so, it suppresses the ability of Mr. Krist to communicate his lack of a party affiliation while allowing his adversaries on the ballot who are affiliated with parties to communicate the presence of their party affiliation. This differentiation imposes an undue burden and restriction on Mr. Krist's ability to engage in free speech. It also increases the burden on voters who goes to the polls with the desire to vote for Independent candidates and to use the ballot to identify them while voting. It does so without any valid or legitimate basis and without serving any compelling state interest.

34. The challenged ballot restrictions and ballot format and content criteria of § 32-617 serve no compelling state interest or purpose; they are unconstitutional.

### Requests for Relief

35. On the foregoing basis, Plaintiff requests that this Court:

35.1 Declare that *Neb Rev Stat* §§ 32-617 & 32-618 are each unconstitutional and void, and permanently enjoin enforcement of each statute.

35.2 Award judgment to Plaintiff for reasonable attorneys' fees as authorized by 42 USC § 1983 and by 42 USC §§ 1973*l*(e) & 1988 *et seq* and for all taxable costs.

35.3 Grant additional relief as necessary to effectuate declaratory judgment and injunction of the court.

### SIGNATURES: NEXT PAGE

## Trial Location Designation

36. Plaintiffs designate Omaha, Nebraska as the location for trial.

| | |
|---|---|
| **Verification**<br><br>I, Robert J. Krist, declare under penalty of perjury pursuant to 28 USC § 1746 that the foregoing facts are true to the best of my knowledge. Lincoln, Nebraska February 1, 2018.<br><br>*s/ Robert J. Krist*<br>Robert J. Krist, Plaintiff | Robert J. Krist et al., Plaintiffs,<br><br>By: *s/David A. Domina*<br>David A. Domina #11043<br>Domina Law Group pc llo<br>2425 South 144th St. 1st Flr<br>Omaha NE 68144-3267<br>402 493 4100<br>ddomina@dominalaw.com<br><br>*Plaintiffs' Lawyer* |